FILED
8/17/23 1:01 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| **CROYLE, WADE R.** | ) | **Case No. 20-21126-GLT** |
| | ) | |
| **Debtor,** | ) | **Chapter 7** |
| | ) | |
| **Rosemary C. Crawford,** | ) | **Doc. No.** |
| | ) | **Related Doc:** 153 |
| **Trustee Applicant,** | ) | **Hearing Date:** 8/17/2023 @ 10:30 a.m. |
| **v.** | ) | |
| **CROYLE, WADE R.,** | ) | |
| | ) | |
| **United States of America, Internal** | ) | |
| **Revenue Service; Commonwealth of** | ) | |
| **Pennsylvania, Department of Revenue;** | ) | |
| **County of Allegheny; Township of** | ) | |
| **Hampton; Township of Hampton and** | ) | |
| **Hampton School District; Hampton Shaler** | ) | |
| **Water Authority; NewRez LLC, d/b/a** | ) | |
| **Shellpoint Mortgage Servicing, successor** | | |
| **to New Penn LLC;** | | |

**Respondents.**

**ORDER APPROVING SALE OF REAL PROPERTY OF THE ESTATE
FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES**

AND NOW, to wit, this __17th__ day of __August__, 2023, having considered the Motion to Sell Debtor's and Non-Debtor's interest in Real Property free and clear of Third Party Interests, Liens, Claims, Charges and/or Encumbrances, and all responses filed thereto, and having held hearing thereon as required by law, IT IS HEREBY ORDERED, ADJUDGED, DETERMINED, FOUND AND DECREED THAT:

1.      The assets of this estate include ownership of the residential real estate located at 2380 Delo Drive, Gibsonia, PA 15044, Block Lot No. 1210-C-00103 (the "Real Estate" or "Real Property").

2.      The Trustee believes that, with the exception of the NewRez LLC, d/b/a Shellpoint Mortgage Servicing, successor to New Penn LLC mortgage, property taxes due and Pennsylvania Department of Revenue income tax, there are no taxes due and owing to any of the other Respondents.

3.      The Trustee believes and therefore avers that the best interest of this Estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of the

Real Property free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, if any.

4.      The Trustee believes and therefore avers this sale of the Real Property will be in the best interest of the unsecured creditors in that it will provide some funds to the unsecured creditors where so many creditors are requesting relief.

6.      The Real Property will be sold free and clear of all liens and/or encumbrances, security interests, claims, charges and interests, all of which shall be divested from the Real Property and attached to the proceeds, in the order of their priority.

7.      The said sale of the Real Property shall be a sale in "AS IS", "WHERE IS" condition, without representation and warranties of any kind whatsoever, and the participation of a purchaser in the sale process shall constitute an agreement that the sale is not a result of any representation of any kind whatsoever by the Estate, Trustee, or its/her agents, except as otherwise set forth herein.

8.      Closing shall occur within sixty (60) days from the date this Order becomes final, or at such other time as may be acceptable to the Trustee's counsel, with all such payments to be via certified check, cashier's check, or such other forms of assured and guaranteed payment as may be acceptable to the Trustee's counsel.  At the closing on the sale the Trustee shall deliver to the purchaser a Deed evidencing the sale of the Real Property to the purchaser, his/her/its heirs, successors and/or assigns.  Any party succeeding to rights of the purchaser hereunder shall be bound by the same terms and conditions as the original purchaser.  Purchaser shall be responsible for completing any and all documents necessary to transfer the Real Property, and shall present said documents to the Trustee for review and signature.

9.      In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the estate, and resell the Real Property, in which case the purchaser shall be liable for any deficiency.

10.     The Trustee is hereby authorized to execute any documentation necessary and/or appropriate to convey the Real Property and effectuate the sale.  The Trustee shall have authority to execute such documents regardless of whether the estate has been closed and the Trustee discharged.

11.     Prospective purchasers have been advised to perform their own due diligence with regard to said fees and expenses.   All other fees and costs associated with renewing or transferring the Real Estate and effectuating the sale of same, if any, shall be the responsibility of the purchaser.

12.     The proceeds of sale of the Real Property shall be used as follows, to wit:

(a)  to pay NewRez LLC, d/b/a Shellpoint Mortgage Servicing, successor to New Penn LLC to satisfy the mortgage lien;

2

(b)  to pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees;

(c)  to pay any other such costs as may be properly incurred, if any, and other such items as provided for in the motion or to effect said sale;

(d)  to pay the Trustee's fees and Trustee's counsel fees in searching for financing statements for the filing of the motion, drafting and filing the motion, representing the estate at the hearing and obtaining an order authorizing the sale, and closing of the same (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment); and

(e)  to pay lien holders of the Debtor are due and owing, in the order of their priority, to the extent that the claim(s) are not disputed, and to the extent, if any, that a claim is disputed, the funds shall be retained pending further Order of Court;

All remaining funds shall be held by the Trustee pending further Order of this Court.

13.    The sale of the Real Property to Faye Ventura and Jonathon Peters, his/her/its heirs, successors and/or assigns for a consideration of $450,000 is authorized, approved and confirmed;

14.    The aforesaid purchaser is held to be a good faith purchaser pursuant to 11 U.S.C. §363 and *In re Abbott's Dairies of Pennsylvania, Inc.,* 788 F2d 143 (C.A. 3rd 1986).

15.    The Trustee shall file a Report of Sale within 30 days from the date of Closing, or as soon thereafter as is practicable.

16.    The Trustee has not given nor been given any consideration for her agreement hereto except as herein set forth.

17.    The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of a lien, statutory, judicial or consensual, is without prejudice to the rights of the Trustee/estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.  The Respondents, Debtor; United States of America, Internal Revenue Service; Commonwealth of Pennsylvania, Department of Revenue; County of Allegheny; Township of Hampton; Township of Hampton and Hampton School District; Hampton Shaler Water Authority; NewRez LLC, d/b/a Shellpoint Mortgage Servicing, successor to New Penn LLC, may allege to hold liens on the property being sold by alleging to hold mortgages, judgments or security interest.  Any lien is divested from the property being sold and are also divested from the proceeds of sale.  Any interest the Debtor holds on the property being sold is divested from the property being sold, and is transferred to the proceeds of the sale.

3

18.     The Trustee is authorized and directed to make, execute and deliver such other documents as may be required to give effect hereto.

19.     The court shall retain jurisdiction to enforce the provisions of this Order.

Dated: 8/17/23                                   BY THE COURT:
cm: Debtor

                                                 _____
                                                 Chief Judge Gregory L. Taddonio
                                                 United States Bankruptcy Judge

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                                      Case No. 20-21126-GLT
Wade R. Croyle                                                                       Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2                          User: auto                                          Page 1 of 2
Date Rcvd: Aug 17, 2023                   Form ID: pdf900                               Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**
+                  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                     regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 19, 2023:**

**Recip ID              Recipient Name and Address**
db                      +  Wade R. Croyle, 2380 Delo Drive, Gibsonia, PA 15044-9100

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains
the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2023                        Signature:            /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 17, 2023 at the address(es) listed
below:**

**Name                          Email Address**

Brian Nicholas
                                       on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing bnicholas@kmllawgroup.com

Brian C. Thompson
                                       on behalf of Debtor Wade R. Croyle bthompson@ThompsonAttorney.com
                                       blemon@thompsonattorney.com;bthompson@ecf.courtdrive.com;mgillespie@thompsonattorney.com;kfinke@thompsonattorney.
                                       com;mrowe@thompsonattorney.com;thompson.brianr111424@notify.bestcase.com

Brian E. Caine
                                       on behalf of Creditor US Bank Trust National Association  Not In Its Individual Capacity But Solely As Owner Trustee For
                                       VRMTG Asset Trust bcaine@parkermccay.com, BKcourtnotices@parkermccay.com

Jeffrey Hunt
                                       on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

Jeffrey R. Hunt
                                       on behalf of Creditor Township of Hampton jhunt@grblaw.com

District/off: 0315-2                     User: auto                                    Page 2 of 2
Date Rcvd: Aug 17, 2023                  Form ID: pdf900                          Total Noticed: 1

Jeffrey R. Hunt
                on behalf of Creditor Township of Hampton & Hampton Township School District jhunt@grblaw.com

Jill Locnikar
                on behalf of Creditor United States of America Department of the Treasury  Internal Revenue Service jill.locnikar@usdoj.gov,
                patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov

Keri P. Ebeck
                on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com
                jbluemle@bernsteinlaw.com;kebeck@ecf.courtdrive.com

Lauren Michaels
                on behalf of Creditor Office of Attorney General  Department of Revenue lmichaels@attorneygeneral.gov

Office of the United States Trustee
                ustpregion03.pi.ecf@usdoj.gov

Rosemary C. Crawford
                crawfordmcdonald@aol.com  PA68@ecfcbis.com

Rosemary C. Crawford
                on behalf of Trustee Rosemary C. Crawford crawfordmcdonald@aol.com  PA68@ecfcbis.com

S. James Wallace
                on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

William E. Craig
                on behalf of Creditor Americredit Financial Services  Inc. Dba GM Financial ecfmail@mortoncraig.com,
                mhazlett@mortoncraig.com;mortoncraigecf@gmail.com


TOTAL: 14